## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| OMAR S. MONTOYA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 3:17-cv-01541-MPS |
| ) | |
| HONORABLE JEFFERSON SESSIONS, ) | |
| In His Official Capacity as the ) | |
| Attorney General of the ) | |
| United States, ) | |
| ) | |
| Defendant. ) | NOVEMBER 27, 2017 |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the HONORABLE JEFFERSON SESSIONS, In His Official Capacity as Attorney General of the United States, by his attorney, JOHN H. DURHAM, United States Attorney in and for the District of Connecticut, Carolyn A. Ikari, Assistant United States Attorney, of counsel, as and for an Answer to the complaint herein, respond as follows:

### NATURE OF CLAIMS

1.    The allegations in paragraph 1 constitute Plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2.    The allegations in paragraph 2 constitute Plaintiff's characterization of his case and prayer for relief, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied, and denied Plaintiff is entitled to requested relief or any relief whatsoever against Defendant.

## JURISDICTION AND VENUE

3. The allegations in paragraph 3 state legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations in paragraph 4 state legal conclusions as to the Court's jurisdiction and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

## PARTIES

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. The allegations in paragraph 6 are legal conclusions as to the proper parties and therefore need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations in paragraph 7 are legal conclusions as to the proper parties and therefore need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

8. The allegations in paragraph 8 are legal conclusions as to the proper parties and therefore need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied, except to admit that Jefferson Sessions is the Attorney General of the United States.

9. The allegations in paragraph 9 are legal conclusions as to the proper parties and therefore need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

## ADMINISTRATIVE PROCEDURES

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11, except to admit that Plaintiff contacted an Equal Employment Opportunity (EEO) counselor on May 19, 2016, and had an initial interview with the EEO counselor on May 31, 2016.

12. Defendant denies the allegations contained in paragraph 12, except to admit that a Notice of Right to File was issued to Plaintiff on June 14, 2016, and Plaintiff's Complaint of Discrimination was postmarked June 14, 2016.

13. Defendant denies the allegations contained in paragraph 13, except to admit that on July 1, 2016, Plaintiff contacted the FBI's Office of Equal Employment Opportunity Affairs (OEEOA) regarding his EEO complaint.

14. Defendant denies the allegations contained in paragraph 14, except to admit that on August 11, 2016, the FBI's OEEOA issued correspondence to Plaintiff concerning his Complaint of Discrimination.

15. Defendant denies the allegations contained in paragraph 15, except to admit that on August 29, 2016, Plaintiff executed a sworn statement concerning his claims.

16. Defendant denies the allegations contained in paragraph 16, except to admit that in August and September 2016, Plaintiff contacted the FBI's OEEOA regarding his EEO complaint.

17. Defendant denies the allegations contained in paragraph 17, except to admit that

on September 14, 2016, the FBI's OEEOA issued correspondence to Plaintiff concerning his Complaint of Discrimination.

18.     Defendant denies the allegations contained in paragraph 16, except to admit that on September 14, 2016 and October 11, 2016, Plaintiff contacted the FBI's OEEOA regarding his EEO complaint.

19.     Defendant denies the allegations contained in paragraph 19, except to admit that on November 15, 2016, the FBI's OEEOA issued correspondence to Plaintiff concerning his Complaint of Discrimination.

20.     Defendant denies the allegations contained in paragraph 20, except to admit that on November 28, 2016, Plaintiff executed a sworn statement concerning his claims.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of the Complaint, except to admit that on May 8, 2017, the FBI's OEEOA provided Plaintiff with a copy of the Report of Investigation.

22.     Defendant denies the allegations contained in paragraph 22, except to admit that on June 6, 2017, Plaintiff requested a Final Agency Decision, and the FBI received his request on June 7, 2017.

23.     The allegations in paragraph 23 are legal conclusions and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

24.     The allegations in paragraph 24 are legal conclusions and therefore, need not be admitted or denied; to the extent they may be deemed allegations of fact, they are denied.

## FACTUAL ALLEGATIONS

### Background History

25.     Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in paragraph 29 of the Complaint.

30. Defendant admits the allegations contained in paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in paragraph 31 of the Complaint.

32. The allegations in paragraph 32 constitute Plaintiff's characterizations of his performance to which no answer is required, but to the extent an answer is deemed necessary, denied.

33. Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34, except to admit that Kevin Kline is an Assistant Special Agent in Charge (ASAC) in the New Haven Field Office (NHFO).

35. Defendant denies the allegations contained in paragraph 35, except to admit that Daniel O'Brien was an ASAC in the New Haven Field Office.

36. Defendant admits the allegations contained in paragraph 36 of the Complaint.

37. Defendant admits the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38, except to admit that Telecommunications Manager (TM) Mark DeWolfe was Plaintiff's direct supervisor.

<u>Protected Conduct</u>

39.     The allegations in paragraph 39 constitute Plaintiff's characterizations about the nature of a collateral duty and assignment to which no answer is required, but to the extent an answer is deemed necessary, denied.

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

<u>Acts of Reprisal for Protected Conduct</u>

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint, except to admit that on July 1, 2015, Plaintiff sent an email to SAC Ferrick and ASAC Kline.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint, except to admit that on June 10, 2016, Plaintiff returned to work.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint, except to admit that on June 14, 2016, Plaintiff filed a Complaint of Discrimination.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint, except to admit that Plaintiff was presented with a Letter of Requirement dated August 2, 2016.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint, except to admit that on August 29, 2016, Plaintiff met with his supervisor.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint, except to admit that on August 25, 2016, Plaintiff submitted a Reasonable Accommodation Request.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint, except to admit that SAC Ferrick agreed to temporarily reassign Plaintiff to the NHFO Administrative Officer.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

## **FIRST CAUSE OF ACTION**

74. Defendant repeats and incorporates his responses to paragraphs 1 through 73 inclusively, as set forth above.

75. The allegations in paragraph 75 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. The allegations in paragraph 76 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77. The allegations in paragraph 77 constitute conclusions of law and Plaintiff's

characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## SECOND CAUSE OF ACTION

78.     Defendant repeats and incorporates his responses to paragraphs 1 through 73 inclusively, as set forth above.

79.     The allegations in paragraph 79 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80.     The allegations in paragraph 80 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81.     The allegations in paragraph 81 constitute conclusions of law and Plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

The remaining allegations contain Plaintiff's prayer for relief, to which no answer is required, but to the extent an answer is deemed necessary, denied that Plaintiff is entitled to the requested relief or any relief whatsoever against Defendant.  Defendant avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a and that any relief may be further limited by 42 U.S.C. § 2000(e)-5(g)(2)(B).

To the extent any allegation in the Complaint is not specifically admitted above, it is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust administrative remedies with respect to all of his claims of discrimination and retaliation.

**THIRD AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over this action.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff bases his claims on allegations that are outside of the accepted issues for investigation in Agency Case No. FBI-2016-00219, or outside of the scope of his asserted EEO claims of discrimination and retaliation, Plaintiff's complaint should be dismissed in whole or in part for failure to timely exhaust administrative remedies.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent plaintiff bases his claims on allegations that are outside of the accepted issues for investigation in Agency Case No. FBI-2016-00219 or outside of the scope of his asserted EEO claims of discrimination and retaliation, plaintiff's claims are time-barred by the applicable statute of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to compensatory damages that exceed the capped amount of $300,000.00, pursuant to 42 U.S.C. § 1981a.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any relief sought pursuant to the Civil Rights Act of 1991, including but not limited to declaratory judgment, compensatory and punitive damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has not shown that the Defendant's actions are pretext for discrimination.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has not shown that the Defendant's actions occurred but for his protected EEO activity.

### TENTH AFFIRMATIVE DEFENSE

The FBI exercised reasonable care to prevent and correct promptly any allegedly discriminatory or retaliatory behavior that was called to its attention.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to allege a *prima facie* case of discrimination or retaliation.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant promptly and thoroughly investigated Plaintiff's report of conduct was perceived by him to be discrimination, harassment, or retaliation.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer a materially adverse employment action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any adverse employment action(s) or decision(s) by Defendant relating to Plaintiff were based upon legitimate, non-discriminatory reasons.  Defendant did not intentionally or otherwise unlawfully discriminate or retaliate against Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff demonstrates a discriminatory or retaliatory motive played a part in the challenged actions, which Defendant denies, the same actions would have been taken absent the discriminatory or retaliatory motive.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective measures.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead all affirmative defenses or any applicable state and federal statute which through discovery he learns may be applicable.

**WHEREFORE**, Defendant respectfully submits that the Plaintiff is not entitled to any relief, monetary or non-monetary, and requests that this Complaint be dismissed, that judgment be entered in favor of the Defendant, with prejudice and with costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

JOHN H. DURHAM
United States Attorney
District of Connecticut

*/s/*_____
CAROLYN A. IKARI
Assistant United States Attorney
District of Connecticut
450 Main Street
Hartford, Connecticut  06103
(860) 760-7953
Federal Bar No. ct13437

CERTIFICATE OF SERVICE

      I hereby certify that on November 27, 2017, the foregoing Answer and Affirmative Defenses was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      */s/ Carolyn A. Ikari*
      CAROLYN A. IKARI
      ASSISTANT U.S. ATTORNEY